FILED
SUPERIOR COURT
OF GUAM

2020 AUG 10 PM 4: 51

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**KANCY SILO aka Kanev Silo aka Kaney Silo aka Tino Silo aka Tano Silo,**<br><br>Defendant. | CRIMINAL CASE NO. CF0604-19<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 3, 2020, for remote hearing on Defendant Kancy Silo aka Kanev Silo aka Kaney Silo aka Tino Silo aka Tano Silo's ("Defendant") Motion to Dismiss the Indictment or in the Alternative to Dismiss the First, Second, and Third Charges of the Indictment for Lack of Particularity ("Motion to Dismiss"). Defendant was present via videoconference from the Department of Corrections; Assistant Alternate Public Defender Heather Zona was present on behalf of Defendant via Zoom; and Assistant Attorney General Richelle Canto was present on behalf of the People of Guam ("the Government") via Zoom. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order DENYING Defendant's Motion to Dismiss.

## BACKGROUND

On November 15, 2019, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Second Degree Felony), (2) Family Violence (As a Third Degree

*People v Silo*
CF0604-19
Decision and Order

Felony); (3) Assault (As a Misdemeanor), and (4) Harassment (As a Petty Misdemeanor) (Indictment, Nov. 15, 2019). These charges stem from allegations that Defendant repeatedly punched and kicked his girlfriend, Ms. Marninta Sop ("Ms. Marninta"), as they were walking to the main road to dispose of trash. (Decl. of Benjamin B. Paholke, Magistrate's Compl., Nov. 7, 2019). This caused Ms. Marninta to scream and return to the apartment holding her right side. *Id.* When she reached the apartment, Defendant attempted to throw a beer can at her, but she hid behind her niece K.J., a minor. *Id.* Defendant yelled at Ms. Marninta, threw the can on the ground, and left the scene. *Id.* Defendant returned thirty minutes later and yelled at her and her sister to get their things so the three of them could go to Defendant's relative's house. *Id.* Defendant entered into the apartment and chased Ms. Marninta. *Id.* Ms. Marninta's sister, Loteisha Sop, tried to stand between the two and protect her sister, but Defendant reached around her and grabbed Ms Marninta by the hair and dragged her outside. *Id.* Defendant then, still holding her by the hair, slammed her face into the concrete and punched her repeatedly in the face, chest, abdomen, and arm, and kicked and stomped on her while she was on the ground. *Id.* At some point Ms. Marninta was able to escape and K.J. called the police *Id.* Ms. Marninta was hospitalized by the Guam Fire Department Medic personnel based on extensive injuries to her face and mid-section area of the upper torso. *Id.*

Defendant remains confined on a $5,000 cash bail. *See* Commitment Order, Nov. 7, 2019; Dec. & Order, Dec. 6, 2019 (denying Defendant's Motion for Bail Redetermination). On June 16, 2020, Defendant re-asserted his right to a speedy trial.[1]

On July 7, 2020, Defendant filed the instant Motion. Defendant moves the Court to dismiss this matter because insufficient evidence was presented to the grand jury (Mot. Dismiss at 6-16, Jul. 7, 2020). In the alternative, Defendant the Court to dismiss the first three charges of the Indictment for lack of particularity. *Id.* at 16-20.

On July 30, 2020, at the calendared Motion Hearing, the Court gave the Government twenty-four hours to submit its Opposition and continued the hearing. Later that day, the

---

[1] Defendant previously asserted his right to a speedy trial on November 20, 2019, and subsequently waived on December 10, 2019

People filed its Opposition to the Motion. On July 31, 2020, Defendant filed his Reply. On August 3, 2020, the Court heard arguments from counsel and placed the matter under advisement.

## DISCUSSION

Defendant first moves the Court to dismiss this matter because insufficient evidence was presented to the grand jury. The Government opposes, arguing that the grand jury received competent evidence, as required under Guam law.

Under Guam law:

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury

8 G.C A § 50.42. The phrase "competent evidence" is not further defined. After receiving competent evidence, "[t]he grand jury *shall* find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54(b) (emphasis in original). In this case, the primary source of evidence presented to the grand jury consisted of the testimony of Guam Police Department Office Arthur Diola, Jr. ("Officer Diola"). Defendant argues that Officer Diola's testimony consisted solely of hearsay statements, as he did not have any personal knowledge of the information recited in the police report, and therefore his testimony constitutes incompetent evidence. (Mot. Dismiss at 10).

"The Supreme Court of the United States has held that there is no constitutional prohibition against presenting hearsay to a grand jury or against hearsay forming the basis for an indictment." *People v. Quidachay*, 815 F.2d 1311, 1312 (9th Cir. 1987) (citing *Costello v. United States*, 350 U.S 359, 363 (1956)). In *Quidachay*, the court interpreted "competent evidence" as "evidence that a reasonable person would rely upon in conducting his or her daily affairs . . . regardless of whether it would be admissible at trial under the rules of evidence " *Id.* at 1313. The court, in comparing the amended version of section 50.42 to its prior version, found that "the Guam Legislature, by amending the requirement that the evidence presented to a

grand jury must be 'evidence which would be admissible . . . at trial' to a requirement that it be 'competent evidence,' desired to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability." *Id.*

Defendant moves the Court to ignore this precedent, setting forth that *Quidachay* and *People v. Garrido*, 1984 WL 48828 (D. Guam App. Div., May 4, 1984), *aff'd and remanded*, 752 F 2d 1378 (9th Cir. 1985), "should be rejected as poorly reasoned, unsupported in law, and wrongly decided." (Mot. Dismiss at 10). Defendant argues instead that Guam's "preliminary hearing statute would seem to provide persuasive evidence that the Legislature intended for charges against defendants to be based on more than unbridled hearsay." *Id.* at 11.

The Court declines to deviate from *Quidachay*, finding that the amendment of Guam's grand jury statute makes clear that the legislative intent was to lessen restrictions on evidence presented for the grand jury. Accordingly, the Court will not dismiss the indictment merely because it was based on hearsay testimony.

The Court next turns to Defendant's argument that the first, second, and third charges in the Indictment must be dismissed for lack of particularity. *See* Mot. Dismiss at 16-20. Defendant argues that "all charges simply parrot the statutory provisions. No facts are alleged to put Defendant on notice as to which activities are being charged, and therefore, he cannot protect against double jeopardy should subsequent charges be brought. . . " *Id.* at 20 The Government opposes, arguing that the Indictment does not lack particularity, and that any remedy if the court were to find the Indictment lacked particularity would be a request for a bill of particulars, not a dismissal. (Opp'n at 9-10).

Under Guam law, an indictment "shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. It is well established that an indictment is sufficient if: (1) it contains the elements of the crime charged, (2) adequately informs the defendant of the crime to allow him to defend against the charged; and (3) is stated with sufficient clarity to bar subsequent prosecution for the same offense *People v. Jones*, 2006 Guam 13 ¶ 12 (citing *People v. Salas*, 2000 Guam 2 ¶ 19). *See also People v. Torres*, 2014 Guam 8 ¶ 20. "An

indictment which tracks the words of the statute charging the offense 'is sufficient' so long as the words unambiguously set forth all the elements of the offense '" *Torres*, 2014 Guam 8 ¶ 20 (quoting *Jones*, 2006 Guam 13 ¶ 23)

The Court has the discretion to order the Government to provide a bill of particulars as necessary for the defendant to adequately prepare a defense. *See Will v. United States*, 389 U.S. 90, 99 (1967). Under Guam law·

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 G.C.A. § 55 30. The purpose of a bill of particulars is to "appraise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F 2d 1044, 1054 (9th Cir. 1983) (citations omitted). To determine whether "a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.* (citation omitted). Here, however, Defendant asserts that dismissal of the charges is the remedy, not the issuance of a bill of particulars.

The First, Second, and Third Charges of the Indictment state as follows:

### CHARGE ONE

On or about November 6, 2019, in Guam, KANCY SILO (*aka* Kanev Silo; *aka* Kaney Silo, *aka* Tino Silo; *aka* Tano Silo) did commit the offense of *Aggravated Assault (As a 2nd Degree Felony)*, in that he did recklessly cause and attempt to cause serious bodily injury to *Marninta Sop*, in circumstances manifesting extreme indifference to the value of human life, that is, in violation of 9 GCA §§ 19.20(a)(1) and (b).

### CHARGE TWO

On or about November 6, 2019, in Guam, KANCY SILO (*aka* Kanev Silo; *aka* Kaney Silo; *aka* Tino Silo; *aka* Tano Silo) did commit the offense of *Family Violence (As a 3rd Degree Felony)*, in that he knowingly and recklessly caused

and attempted to cause bodily injury to another family member or household member, that is, *Marninta Sop*, in violation of 9 G.C.A §§ 30.10(a)(1) and 30.20(a).

## CHARGE THREE

On or about November 6, 2019, in Guam, KANCY SILO (*aka* Kanev Silo; *aka* Kaney Silo; *aka* Tino Silo; *aka* Tano Silo) did commit the offense of Assault (As a Misdemeanor), in that he did recklessly cause and attempt to cause bodily injury to another, that is, *Marninta Sop*, in violation of 9 G.C.A. §[§] 19.30(a)(1) and (e).

(Indictment, Nov. 15, 2019).

The Court finds that Defendant has been sufficiently apprised of the charges he faces at trial through the Indictment and all other disclosures made by the Government, e.g., the accompanying Declaration to the Magistrate's Complaint, grand jury proceedings, and police report(s). The Indictment unambiguously sets forth all the elements of the offenses charged. *See Torres*, 2014 Guam 8 ¶ 20. The Court does not find that there is any danger of double jeopardy for the offenses alleged. Accordingly, Defendant's Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. As Defendant remains in an asserted status, a Status Hearing is set for August 11, 2020 at 10:00 a.m./p.m. to address trial scheduling. Parties should be prepared for Jury Selection and Trial to commence as soon as a Judiciary facility large enough to accommodate social distancing requirements is available.

**IT IS SO ORDERED** this 10th day of August, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to
AG + APD



Date AUG 10 2020 Time 4:55pm
*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

*People v Silo*
CF0604-19
Decision and Order